IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**MIGUEL ALVAREZ,**

**Defendant.**                                                    **No. 09-30134-DRH**

**ORDER**

**HERNDON, Chief Judge:**

On May 24, 2010, Alvarez, pursuant to a plea agreement, plead guilty to conspiracy to distribute narcotics and possession with the intent to distribute cocaine (Docs. 27, 28, & 29). Thereafter on October 1, 2010, the Court sentenced Alvarez to 188 months imprisonment (Docs. 36 & 38) and Judgment reflecting the same was entered. Also that day, Alvarez, through the Clerk of the Court filed a notice of appeal (Doc. 40). During these proceedings, Alvarez was represented by retained counsel, Mr. Bruce C. Kaye. Now before the Court is Alvarez's pro se motion to appeal in forma pauperis (Doc. 45).

**28 U.S.C. § 1915(a)(1)** provides that a federal district court may authorize a prisoner to commence a criminal appeal without prepayment of fees if he submits an affidavit that includes a statement of all assets he possesses and shows that he is unable to pay fees or give security for the appeal. The affidavit also must also state the nature of the appeal and the affiant's belief that he is entitled to

redress.[1]

> A party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

**F.R.APP. 24(a)(1)**. A party may not proceed in forma pauperis if the district court certifies in writing that the appeal "is not taken in good faith." **28 U.S.C. § 1915(a)(3)**.

Alvarez has supplied an affidavit to his indigence. He has specified the issues intends to present on appeal and why he claims that he is entitled to redress. His appeal appears to be taken in good faith and the Court is satisfied that a reasonable person could suppose some merit in his appeal. Accordingly, the Court **GRANTS** the motion to appeal in forma pauperis (Doc. 45).

Further, the Court notes that it appears that Mr. Caye *still* represents Alvarez. "Trial counsel in a criminal case, whether retained or appointed by the district court, is responsible for the continued representation of the client desiring to appeal unless specifically relieved by the court of appeals upon a motion to withdraw." **Circuit Rule 51(a) of the United States Court of Appeals for the Seventh Circuit**. Pursuant to Circuit Rule 51(a), a motion for appointment of new counsel or a motion to withdraw should be filed with the Seventh Circuit. Therefore,

---

[1] Section 1915(a)(2) delineates additional requirements for prisoners filing civil cases or civil appeals, but those provisions are inapplicable for this criminal case.

Mr. Caye must continue to represent Alvarez until relieved by this duty by the Seventh Circuit.

However, the Court notes that Alvarez raises issues going to the heart of Mr. Caye's representation which may suggest a conflict. Likewise, Alvarez will want to proceed cautiously in this vein as raising the issue of ineffective assistance of counsel will preclude raising that issue in a collateral petition to vacate the judgment. Alvarez should carefully research the likelihood of success of pursuing an ineffective assistance of counsel claim on direct appeal. Although should he believe that he has the grounds for a valid direct appeal on that basis there is no legal reason precluding him from raising it. In raising these matters, this Court is not in any way attempting to interfere with Alvarez's appeal or how he pursues it, and is only trying to place him on notice of matters that may prejudice him as his attempts to protect his rights in the future. Mr. Caye or other counsel appointed for him by the Seventh Circuit should discuss these matters fully with him.

**IT IS SO ORDERED.**

Signed this 24th day of November, 2010.

David R. Herndon
2010.11.24 15:24:20
-06'00'

**Chief Judge**
**United States District Court**